**DISTRICT OF COLUMBIA REPUBLICAN COMMITTEE, Appellant,**

v.

**The BOARD OF ELECTIONS FOR the DISTRICT OF COLUMBIA et al., Appellees.**

**Carl L. SHIPLEY et al., Appellants,**

v.

**The BOARD OF ELECTIONS FOR the DISTRICT OF COLUMBIA et al., Appellees.**

**Nos. 18551, 18552.**

United States Court of Appeals District of Columbia Circuit.

Argued April 20, 1964.

Decided April 21, 1964.

---

3. See generally, *Coerced Confessions*, 31 U.Chi.L.Rev. 313, 326–27 (1964).

Mr. Albert L. Ledgard, Jr., Washington, D. C., with whom Messrs. James C. Wilkes and Louis H. Mann, Washington, D. C., were on the pleadings, for appellants.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the pleadings, for appellees.

Before WILBUR K. MILLER, BASTIAN and McGOWAN, Circuit Judges.

PER CURIAM:

These appeals present the issue of whether the members of a political party in the District of Columbia may, by means of the official primary ballot, express a preference among named individuals for nomination to the office of President of the United States. In the District Court both litigants assumed that a presidential preference question could be included on the ballot. They disagreed over the authority of the Board of Elections to impose by regulation a requirement that proof of the acquiescence of each named individual be supplied. The District Court denied relief for the reason that the Board was wholly without authority to permit the official ballot to include what is in effect a party presidential primary.

We agree with the District Court. The claim of authority rests upon the language of Section 8(c) (2) of the 1955 Act (Section 1–1108(c), D.C.Code, 1961), which provides that:

> "The Board shall arrange the ballot of each political party so as to enable the voters of such party—
>
> \*　　\*　　\*　　\*　　\*
>
> "(2) to answer *in the affirmative or negative* such questions relating to the conduct of the affairs of such party as the duly authorized local committee of such party may file with the Board in writing \* \* \*." (Emphasis supplied.)

We note first that the *italicized* words seem inapt in relation to the questions posed by presidential preference primaries generally, and in respect of the particular question tendered to the Board in this case. Further, and more importantly, as Senate amendments to a House-enacted bill, subsection (2) first appeared in conjunction with a subsection (3) which made explicit provision for a presidential preference primary in the District of Columbia. The conference committee struck out subsection (3); and that action speaks more eloquently than anything otherwise discernible in this record of a conscious withholding by Congress of authority for presidential primaries in this jurisdiction. A purpose to provide for such primaries is not lightly to be imputed to Congress under any circumstances. The question of their utilization, and the terms and conditions of such use, present important policy problems more suitable for resolution by the legislative than by the executive or judicial branches.

The judgment of the District Court is Affirmed.